IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOEL E. ARGERSINGER,

                Petitioner,        Case No. 3:06 CV 2395

  -vs-

                                      MEMORANDUM OPINION
UNITED STATES OF AMERICA,            AND   ORDER

                Respondent.

KATZ, J.

      Petitioner, Joel E. Argersinger, has filed a motion pursuant to 28 U. S. C. § 2255 to vacate, set aside or correct a sentence. This motion is filed *pro se* and Petitioner has raised four claims: (1) his attorney refused to file a notice of appeal after Argersinger requested an appeal; (2) his 5th and 6th Amendment rights were violated by government coercion to obtain a guilty plea; (3) his attorney failed to challenge the government's coercion, and further failed to seek evaluation of Petitioner's mental ability to comprehend the legal proceedings, thus his guilty plea was not knowing or voluntary; and (4) his attorney failed to object or challenge the Court's use of facts relating to a prior criminal conviction to enhance his sentence, in violation of *Apprendi, Booker,* and *Shepard.*

      At the outset this Court must observe that none of Petitioner's complaints have merit. The background of this case is well set forth in the government's response (Doc. No. 7) at pages 2 through 4 and the law is stated clearly and completely beginning at the bottom of page 4 and continuing through the top of page 7. The Court will not regurgitate the background and law

applicable to this case. The first claim of Petitioner is that Mark Weinberg, Esq., his counsel was ineffective for failing to file a notice of appeal. Attached to the Government's motion is an affidavit by Mr. Weinberg which clearly articulates the fact that he advised Petitioner of the unlikelihood of the success of such an appeal and that, if the appeal were successful, upon remand Petitioner could face a greater sentence. Petitioner did, in fact, ask Mr. Weinberg to file an appeal through an undated letter postmarked February 21, 2006, nearly five months after sentencing, which sentencing occurred on September 28, 2005. Mr. Weinberg's affidavit details the consultation he had with his then client concerning the filing of an appeal, in which he discussed advantages, disadvantages, and probability of success. Because of the late directions for filing an appeal, Mr. Weinberg properly did not file that notice of appeal. There is nothing in the record or outside the record which has been offered to this Court and which is reliable which indicates that Mr. Weinberg was unjustified in refusing to file a notice of appeal after an untimely request to do so or to suggest that he failed to properly advise his client of the various advantages and disadvantages of filing the same.

     Petitioner also alleges that the Government coerced him into entering a guilty plea. This Court conducted the plea hearing and, as with past practice, asked Petitioner whether his plea was knowing and voluntary and whether any threats or promises were made in return for that guilty plea. The transcript will reflect that Argersinger indicated that his plea was voluntary and knowing and that he had not been threatened or promised anything in return for that guilty plea. Therefore, this claim will also be dismissed.

Petitioner also claims that his counsel's representation at the plea hearing fell below acceptable standards. The Government's subparagraph 3 on pages 9 and 10 clearly rebuts this and this claim will be dismissed.

Lastly, Petitioner claims his attorney failed to properly represent his interests at sentencing. Nothing could be further from the truth. Mr. Weinberg filed objections with the Probation Department after receiving the Presentence Report. He prevailed on one of those objections, the use of a computer to facilitate the offense. He failed on the other two objections but this Court, exercising its discretion, reduced Petitioner's Criminal History Category from V to IV, effectively lowering the guideline sentencing range from 168 - 210 months to 151 - 188 months. Petitioner must fail on this allegation as well.

Petitioner has failed miserably to sustain his contentions by a preponderance of the evidence. He failed to request his attorney to file a notice of appeal within the ten (10) day statute of limitations, in fact, the request was almost five months after sentencing; there has been no showing that the Government coerced his guilty plea; and there has been no showing whatsoever that he received ineffective assistance of counsel. Therefore, the Petitioner's motion to vacate, set aside or correct sentence is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE